UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Frances Williams, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:10-cv-0499-WTL-DML |
| | ) |
| AT&T, | ) |
| | ) |
| Defendant. | ) |

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff Frances Williams (herein "Plaintiff") brings this action against Defendant AT&T (herein "Defendant") for unlawfully violating her rights as protected by the Family and Medical Leave Act ("FMLA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Americans with Disabilities Act Amendments Act ("ADA").

**PARTIES**

2. Plaintiff has resided within the Southern District of Indiana at all relevant times.

3. Defendant is a corporation doing business within the Southern District of Indiana.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 29 U.S.C. § 2617(a)(2), 42 U.S.C. § 2000e-5(f)(3), and 42 U.S.C. § 12117.

5. Plaintiff is an "employee" as that term is defined in 29 U.S.C. § 2611, 42 U.S.C. §12111 and 2000e.

6. Plaintiff is an "eligible employee" as that term is defined in 29 U.S.C. § 2611.

7. Plaintiff suffers from a "serious health condition" as that term is defined in 29 U.S.C. § 2611.

8. Plaintiff is a "qualified individual" with a "disability" as these terms are defined in 42 U.S.C. § 12102.

9. Defendant is an "employer" as that term is defined in 29 U.S.C. § 2611, 42 U.S.C. 12111 and 2000e.

10. At all times relevant, Defendant employed 50 or more employees within a 75-mile radius of the facility at which Plaintiff worked.

11. Plaintiff worked 1,250 or more hours in the 12-month period preceding December 2008.

12. Plaintiff satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. Plaintiff received her right-to-sue notice from the EEOC and now timely files her lawsuit.

13. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

14. At all times relevant to this Complaint, Plaintiff was a qualified individual with a disability and/or had a record of a disability and/or was regarded by Defendant as having a disability.

15. At all times relevant, Plaintiff suffered from a serious health condition and was approved to take intermittent FMLA leave by Defendant.

16. Plaintiff is an African-American female.

17. At all times relevant, Plaintiff could perform all of the essential functions of her job with or without a reasonable accommodation.

18. At all times relevant, Plaintiff met or exceeded all of Defendant's legitimate employment expectations.

19. At all times relevant, Plaintiff's sister, Felicia Webster-Rodriquez, was also employed by Defendant.

20. Ms. Webster-Rodriquez is also an African-American female.

21. At all times relevant, Ms. Webster-Rodriquez was a qualified individual with a disability and/or had a record of a disability and/or was regarded by Defendant as having a disability.

22. At all times relevant, Ms. Webster-Rodriquez suffered from a serious health condition and was approved to take intermittent FMLA leave by Defendant.

23. Defendant subjected Plaintiff to discipline for taking intermittent FMLA leave.

24. Other similarly situated, non-disabled employees were not disciplined for taking FMLA leave.

25. Other similarly situated, non-Black employees were not disciplined for taking FMLA leave.

26. During the winter of 2008, Defendant subjected Plaintiff and Ms. Webster-Rodriquez to an investigation regarding time records.

27. Other similarly situated, non-disabled and/or non-Black employees were not subjected to a similar investigation.

28. Other similarly situated employees who did not take FMLA leave were not subjected to a similar investigation.

29. Defendant accused Plaintiff and Ms. Webster-Rodriquez of falsifying time records and payroll fraud.

30. Neither Plaintiff nor Ms. Webster-Rodriquez engaged in such activity.

31. On December 4, 2008, Plaintiff requested permission to leave for a condition for

which she had previously received intermittent FMLA leave permission.

32. Defendant denied Plaintiff's request.

33. Based on the alleged result of Defendant's investigation, Defendant suspended Plaintiff without pay.

34. Based on the alleged results of Defendant's investigation, Defendant terminated Ms. Webster-Rodriquez.

35. Plaintiff has suffered damages a result of Defendant's discriminatory and retaliatory actions.

36. Any and all proffered reasons by Defendant for its adverse actions against Plaintiff regarding her employment are pretextual.

## COUNT I

## FMLA INTERFERENCE AND RETALIATION

37. Paragraphs 1-36 are incorporated herein by reference.

38. Defendant violated the FMLA by: (1) denying Plaintiff's requests for FMLA leave; (2) counting FMLA-qualifying absences as violations of its attendance policy; (3) subjecting Plaintiff to investigation and other disparate treatment in retaliation for taking FMLA leave (4) suspending Plaintiff for taking FMLA leave; (5) interfering with Plaintiff's substantive FMLA rights; and (6) restraining Plaintiff's ability to take such leave in the future.

39. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's FMLA rights.

## COUNT II

## RACE DISCRIMINATION IN VIOLATION OF TITLE VII

40. Paragraphs 1- 39 are incorporated herein by reference.

41. Defendant took adverse employment actions against Plaintiff based on her race.

42. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

## COUNT III

## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

43. Paragraphs 1-42 are incorporated herein by reference.

44. Defendant took adverse employment actions against Plaintiff based on her disability and/or record of disability and/or perceived disability.

45. Defendant's unlawful actions were intentional, willful, and done in reckless disregard for Plaintiff's rights as protected by the ADA.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Frances Williams, by counsel, respectfully requests that this Court find for her and order that:

1. Defendant pay lost wages and benefits to Plaintiff;

2. Defendant pay compensatory and punitive damages to Plaintiff;

3. Defendant pay liquidated damages to Plaintiff;

4. Defendant pay pre- and post-judgment interest to Plaintiff;

5. Defendant pay Plaintiff's attorneys' fees and costs incurred in litigating this action; and

6. Defendant pay to Plaintiff any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

s/ Meghan U. Lehenr
Denise K. LaRue, Attorney No. 14877-49
Meghan U. Lehner, Attorney No. 25899-49

Attorneys for Plaintiff

HASKIN & LaRUE
255 North Alabama Street
Indianapolis, Indiana  46204
Telephone:     (317)955-9500
Facsimile:      (317)955-2570
Email:            dlarue@hlllaw.com
                     mlehner@hlllaw.com

## DEMAND FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

s/ Meghan U. Lehner
Denise K. LaRue, Attorney No. 14877-49
Meghan U. Lehner, Attorney No. 25899-49

Attorneys for Plaintiff

**HASKIN & LaRUE**
255 North Alabama Street
Indianapolis, Indiana  46204
Telephone:     (317)955-9500
Facsimile:      (317)955-2570

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a copy of the foregoing has been filed electronically this 13th day of September, 2010.  Notice will be sent to the following counsel of record via the Court's electronic filing system:

Stephen B. Mead: stephen.mead@att.com


Laura A. Lindner: llindner@littler.com


             s/ Meghan U. Lehner
             Meghan U. Lehner